IN THE MATTER OF THE WILL OF NAZER VERNON RAY, DECEASED

No. 7715SC121

(Filed 21 March 1978)

1. **Evidence § 53; Wills § 10— holographic will—opinion of handwriting expert**

     An expert in handwriting analysis was properly allowed to state his positive opinion that an alleged holographic will could not have been written by decedent.

2. **Appeal and Error § 24— admission of testimony—absence of objections or motions to strike**

     The propriety of the admission of testimony is not presented on appeal where there were no objections or motions to strike the testimony at trial.

3. **Wills §§ 10, 23— instruction on purpose of law permitting holographic wills— harmless error**

     In this caveat proceeding in which the caveators contended that decedent's attested will had been revoked and superseded by a holographic will, the caveators were not prejudiced by the trial court's instruction that the purpose of the law permitting the probation of holographic wills is to permit a person who is incapable of procuring assistance or not inclined to make known his intentions prior to death to execute a valid will in his own handwriting without witnesses, although the instruction added nothing to the jury's understanding of its task and should have been omitted.

APPEAL by caveators from *Lee, Judge.* Judgment entered 24 September 1976 in Superior Court, ORANGE County. Heard in the Court of Appeals 1 December 1977.

On 29 March 1972, deceased, Vernon Ray, duly executed a will that had been prepared at his request by his attorney, the Honorable A. H. Graham. Mr. Graham and his secretary witnessed the execution of the will. Ray died on 25 November 1972, and the will was admitted to probate in common form a few days later. Several months later, on 22 March 1973, appellants filed a caveat. The only basis for the caveat was that the will had been revoked and superseded by a holographic will that caveators contended was the last will and testament of Ray. The handwritten document was dated 20 October 1972.

An issue was submitted to the jury as to whether the handwritten document dated 20 October 1972 was the last will and testament of Ray. The jury answered that issue in the negative. The second issue was whether the typewritten document dated 29 March 1972 was the last will and testament of Ray. The jury answered that issue "yes," and judgment was entered causing that will to be probated in solemn form.

*Graham, Manning, Cheshire & Jackson, by Lucius M. Cheshire, for propounder appellees.*

*Young, Moore, Henderson & Alvis, by B. T. Henderson II, and Charles H. Young, Jr.; Bryant, Bryant, Drew & Crill, by Victor S. Bryant, Jr., attorneys for caveator appellants.*

VAUGHN, Judge.

[1] Caveators group four exceptions under one assignment of error wherein they contend the court erred in allowing propounders' expert witness, James Durham, to state in terms of absolute certainty matters upon which he should have been permitted only to express an opinion. The witness was found to be an expert in the field of handwriting analysis. He testified at length with respect to his observations concerning the handwriting in the alleged holographic will and other writings of the deceased. When asked for his opinion concerning whether the alleged holographic will was in the handwriting of Ray, he replied:

"A. My opinion is that Nazer Vernon Ray emphatically did not in my opinion and could not have made the writing of Exhibit C-1."

On another occasion he testified:

". . . in my opinion, it was simulated, it's not a genuine signature, the word 'October' and [the skill in writing that I would like to demonstrate on some slides make it completely impossible, absolutely, utterly impossible in my mind, in my opinion, of all of the handwriting that I ever examined; that Nazer Vernon Ray could possibly have written this Will. It's completely impossible, in my opinion.]"

Caveators' exceptions to the testimony were properly overruled. The witness was qualified as an expert. His testimony was based on his personal observations. The jury could have only understood the testimony as being the opinion of the expert and not a positive statement of the fact to be proven. It is true, of course, that the expert clearly indicated that he was positive in his opinion. We see no sound reason why an expert must express doubts about the validity of his opinion when he has none. The weight to be given his opinion is for the jury, and he can be contradicted and impeached as other witnesses.

[2] Caveators bring forward another assignment of error arising out of the admission of testimony as to statements deceased had made with respect to the disposition of his property. Caveators' brief only states arguments in support of their exceptions to the testimony of the witness Graham found at page 97 of the record, testimony of the witness Shambly at page 100, and that of witness Murray at page 102.

The witness Graham testified that he prepared the 29 March will according to the wishes of the testator as they were expressed to him. He was asked if the deceased made a statement relative to his three sisters. Caveators then made a general objection which was overruled. The witness responded that testator did not make such a statement at that time. Caveators did not thereafter object to or move to strike any of the rest of the testimony of the witness. Objections to testimony must be taken at trial so as to give the trial judge the opportunity to pass on them.

The witness Murray was asked if the testator ever discussed his plans for the disposition of his property with him. Caveators voiced a general objection which was overruled. The witness responded that testator never told him anything about his will but did tell him when he made one. At no time thereafter did

caveators ever object to any questions directed to the witness or move to strike any testimony given by the witness. Defendant's exception to the testimony of the witness Shambly must fail for the same reason. There was no objection or motion to strike voiced at trial. Moreover, at no time did caveators interpose objections "to the admission of evidence involving a specified line of questioning" as permitted by Rule 46(a)(1) of the Rules of Civil Procedure. Since there were no objections or motions to strike the testimony at trial, the propriety of the admission of the testimony is not presented on appeal.

[3] In the course of explaining the requirements for a valid holographic will, the judge added the following statement to which caveators except:

> "The purpose of the law is to enable persons who cannot procure the assistance of others in the preparation of a Will, or those who are not inclined to make known prior to their death what disposition has been made of their property, to execute a valid Will by a paperwriting in their own handwriting and without the formal attestation of witnesses."

Caveators argue that the statement was prejudicial because it might have caused the jury to believe that an otherwise valid holographic will would be invalid in the absence of evidence showing that testator was either incapable of procuring assistance or not inclined to make known his intentions prior to death. We note that the statement was quoted verbatim from N.C.P.I. Civil 860.10, which was apparently copied from a statement by Justice Allen in *Alexander v. Johnston*, 171 N.C. 468, 471, 88 S.E. 785, 786 (1916). Justice Allen may have been correct in the two purposes he assigns as "The" purpose for which the Legislature in 1784 enacted the amendment to the statute so as to permit the probation of holographic wills. Potter's Laws of North Carolina (1821) c. 225, § 5. The statute also undoubtedly serves other purposes. Although we do not agree that the inclusion of the statement in the charge requires a new trial in the case on appeal, we are satisfied that it added nothing to the jury's understanding of its task and that it should have been omitted.

We find no prejudicial error.

No error.

Judges BRITT and PARKER concur.